## D. J. ANDERSON v. CASEY-SWASEY COMPANY.

No. 2087.    Decided June 22, 1910.

**1.—Deed—Estoppel—After Acquired Title—Case Stated.**

S. A. owned a half interest in 320 acres of land; her son, D. A. had no interest therein; they executed a note to secure indebtedness, existing and to be incurred by D. A., and a mortgage on an undivided half interest in the 320 acres of land to secure it; alteration in the contract released S. A. therefrom, but the mortgage was foreclosed and the creditor became purchaser; D. A., who had no interest to pass by this foreclosure, afterwards acquired a tract of 28 of the 320 acres by purchase from one to whom it had been set aside in partition as his interest in the undivided 160 acres not owned by S. A. Held, that the mortgage of the undivided 160 acres by S. A. and D. A. must be taken to refer to the interest then owned by S. A., and not to include any part of the undivided interest not held by either mortgagor, which latter interest would not pass by estoppel, under the mortgage from D. A., upon his subsequently acquiring title to it. (Pp. 468–470.)

**2.—Unrecorded Deed—Innocent Purchaser.**

A mortgage creditor, buying in the property on his debt on foreclosure, in order to support a claim as innocent purchaser as against the holder of an unrecorded deed from the mortgagor, prior to the mortgage, must prove that a valuable consideration passed at the time he took the mortgage and that he had no notice of the unrecorded deed. (P. 470.)

**3.—Deed—Consideration—Community or Separate Property.**

A conveyance to a married woman in consideration of love, affection and gratitude for kindness shown by her to the grantor gives her title as her separate estate, not as community property of herself and husband. (P. 470.)

Error to the Court of Civil Appeals for the Fifth District in an appeal from Navarro County.

Action by the Casey-Swasey Co. against Anderson for the recovery of land. Plaintiff had judgment and defendant appealed. The judgment was affirmed and appellant obtained writ of error.

*W. W. Ballew,* for plaintiff in error.—Where the consideration of a deed is an outstanding debt or where a mortgage is taken merely to secure indebtedness, this is not sufficient to support the claim of a bona fide purchaser or a bona fide lienholder in good faith without notice. Spurlock v. Sullivan, 36 Texas, 516; State v. Wells, 61 Texas, 652; Overstreet v. Manning, 67 Texas, 660; Steffans v. Bank, 69 Texas, 519; Bormer v. Griggsby, 84 Texas, 332; Black v. Cavaness, 21 S. W., 635; Shoe Co. v. Lyons, 25 S. W., 805.

The judgment, sheriff's return and deed did not describe the land in controversy and there was a variance between the allegations and proof offered, and said instruments were immaterial and therefore not admissible in evidence. Owen v. N. Y. and Texas Land Co., 45 S. W., 601; Jones v. Andrews, 62 Texas, 653; Echols v. McKie, 60 Texas, 41; Blume v. Rice, 32 S. W., 1056; Roche v. Lovell, 74 Texas, 191.

If estoppel operated against D. J. Anderson, it can only operate as to the interest which he inherited from his father, W. N. Anderson, which was the interest which he attempted to convey by the deed of trust to the Casey-Swasey Co., and it could not operate as to the title which he inherited from his mother and purchased from J. M. Anderson, and acquired in the partition suit between the heirs of W. N. and S. L. Anderson. Grigsby v. Peak, 68 Texas, 235; Caruth v. Grigsby, 57 Texas, 259; Grigsby v. Caruth, 57 Texas, 269.

*Richard Mays,* for defendant in error.—The trial court committed no error in holding that appellant, by executing the trust deed to appellee, estopped himself to deny that he owned the fifty-eight acres of land on the date of the execution of said deed of trust, although he subsequently acquired it, and owned it at the time of foreclosure, levy and sale by the sheriff. Weber v. Laidler, 90 Am. St. Rep., 726; 11 Am. & Eng. Ency. Law, 403, and note 5; 16 Cyc., 689, and note 26, 691 and note, and p. 692; Rev. Stats., arts. 627, 631; Logue v. Atkeson, 35 Texas Civ. App., 303; Lindsay v. Freeman, 83 Texas, 264; Scates v. Fohn, 59 S. W., 837; Baldwin v. Root, 90 Texas,

553; Hermann on Estoppel, sec. 895, p. 1018; Van Rensselaer v. Kearney, 11 How., 325; Wadkins v. Watson, 86 Texas, 194; Garrett v. McClain, 18 Texas Civ. App., 245; Rauch v. Dech, 2 Am. St. Rep., 598; Hitchcock v. Fortier, 65 Ill., 239; Layson v. Cooper, 97 Am. St. Rep., 545; Hale v. Hollon, 90 Texas, 427; Hale v. Hollon, 14 Texas Civ. App., 96.

The trial court committed no error, in awarding appellee a judgment for lots 9 and 10, in block 11, of the town of Richland. Sayles' Statutes, 1895, arts. 625, 4640, and notes 11 and 12; Blum v. Shwartz, 20 S. W., 54; Grace v. Wade, 45 Texas, 522; Caldwell v. Bryan, 20 Texas Civ. App., 171; La Pice v. Caddenhead, 21 Texas Civ. App., 363; Bell Hardware Co. v. Riddle, 72 S. W., 613; Wiggins v. Sprague, 40 S. W., 1019.

MR. JUSTICE BROWN delivered the opinion of the court.

Casey-Swasey Company sued D. J. Anderson to recover fifty-eight acres of land lying in Navarro County and being a part of a 320-acre survey in the name of W. P. Kincannon; also lots 9 and 10 in block 11 in the town of Richland in the said county.

The title of the company rests upon the following facts: D. J. Anderson was indebted to the Casey-Swasey Company and desired a line of credit for the future. He gave his note for the indebtedness with his mother, S. L. Anderson, as his security, and the two joined in a deed of trust upon lots 9 and 10 in block 11 in the town of Richland, some personal property not necessary to mention, and an undivided 160 acres of a 320-acre tract, being part of a survey in the name of W. P. Kincannon, and by the said deed of trust they conveyed the land and lots to W. L. Evans as trustee for the purpose of securing the notes and future indebtedness which might accrue to the company. The deed of trust contained the following: "To have and to hold all and singular the said premises unto him, the said W. L. Evans, trustee, his successors and heirs forever in trust, however, to secure four notes and a line of credit to be hereafter extended to D. J. Anderson." . . . The deed of trust authorized Evans, the trustee, in case of default in the payment of the notes and the indebtedness which might accrue, to sell the property and to execute a deed in fee simple to the purchaser of the said premises with the usual covenants and warranties.

Anderson having failed to pay the debt the company instituted suit in the District Court of Navarro County against him and S. L. Anderson to recover the indebtedness and to foreclose the lien upon the property mentioned in the deed of trust. S. L. Anderson was discharged by the court from liability on the note because of alteration of the contract, but judgment was rendered against D. J. Anderson and the lien of the deed of trust foreclosed upon the interest of D. J. Anderson in said land and lots.

At the time the deed of trust was given, D. J. Anderson had no title to the lots nor to any part of the Kincannon survey of land. After the judgment was rendered he acquired title to the fifty-eight acres of land in the said survey, which is the subject of this suit; the facts showing how he acquired the title are, in substance, Mrs.

S. L. Anderson having died, the heirs of W. N. and S. L. Anderson partitioned the lands of the estate by agreement. D. J. Anderson had no interest as an heir, having conveyed it to a brother before the deed of trust was made, but after that deed was made D. J. Anderson purchased the interest of a half brother. The partition was made of the 320 acres in the Kincannon survey and eighty-seven acres in the W. N. Anderson survey. The fifty-eight acres was set apart to D. J. Anderson in right of the brother from whom he purchased and the interest inherited by him was given to the heirs of the brother to whom he conveyed. Prior to the making of the deed of trust, D. J. Anderson owned the lots in litigation, and before the making of the deed of trust conveyed the lots to S. L. Anderson, his mother, for a recited consideration, and subsequently Mrs. S. L. Anderson, for a recited consideration of love and affection, conveyed the lots to J. S. Anderson, wife of D. J. Anderson. When the deed of trust was made and delivered to the company the deed from D. J. Anderson to S. L. Anderson was not upon record in Navarro County and there was no one in possession of the lots. There is in the record no proof that Casey-Swasey Company did not have notice of the conveyance of the lots to S. L. Anderson when it took the deed of trust.

After D. J. Anderson acquired title to the fifty-eight acres in the Kincannon survey the Casey-Swasey Company caused that land and the lots 9 and 10, before described, to be sold under the foreclosure judgment in the suit hereinbefore stated. D. J. Anderson's wife was not a party to this suit.

If the deed of trust had conveyed the land by metes and bounds and if the fifty-eight acres were a part of the land so described the subsequent acquisition of the fifty-eight acres by D. J. Anderson would inure to the benefit of the mortgagee, the Casey-Swasey Company. 16 Cyc., 689, par. c. However, the land was not described by metes and bounds, but the conveyance was of an undivided interest of 160 acres by S. L. Anderson and D. J. Anderson. The title at the time was in S. L. Anderson. The conveyance by D. J. Anderson was of the same undivided interest of 160 acres conveyed by S. L. Anderson, because it could not be held that each one of them conveyed an undivided half interest when by the evidence it is established that D. J. Anderson had no interest whatever in the land; hence, his conveyance must be attributed to the same interest as that conveyed by Mrs. S. L. Anderson. In other words, it was not the purpose of the two to make a mortgage upon the whole tract, but to make the mortgage or deed of trust upon the one-half or undivided interest in the tract which was owned by S. L. Anderson.

In order that estoppel should inure to the benefit of the Casey-Swasey Company it must appear that the fifty-eight acres was a part of the 160 acres undivided interest conveyed by the deed of trust, otherwise there would be no antagonism between the title acquired by D. J. Anderson in the fifty-eight acres and the title attempted to be conveyed by him in the 160 acres. D. J. Anderson had parted with all of his interest in the land. W. N. Anderson was married three times, and by one of his first two marriages he had a son,

whose name was Tom Anderson, who died and left as his heir J. M. Anderson, who conveyed his interest in the land to D. J. Anderson. J. M. Anderson did not inherit anything from S. L. Anderson, therefore the interest that he conveyed to D. J. Anderson had no relation whatever to the undivided interest, which was mortgaged to the Casey-Swasey Company. If there had been a partition between the heirs of W. N. Anderson and S. L. Anderson, setting apart one-half to the heirs of each, and the fifty-eight acres had been set apart to J. M. Anderson out of the father's half and afterwards he had conveyed to D. J. Anderson, there could be no pretense that the estoppel would apply. The title to the land as a matter of law was just as distinct in the heirs of each parent without partition as it would have been after partition. We are of opinion that the facts are not sufficient to show title in the plaintiff Casey-Swasey Company to the fifty-eight acres.

The land was levied upon as an undivided interest of the 160 acres in the 320 acres by virtue of the order of sale issued upon the judgment of foreclosure, and the sale was made by the sheriff in accordance with and by the authority of the order of sale, therefore the title of the Casey Swasey Company depends upon the effect of a sale made under the foreclosure proceedings.

The evidence showed that the title to lots 9 and 10 in block 11 in the town of Richland was in Mrs. J. S. Anderson, unless the plaintiff was an innocent purchaser of the property. In order to recover it was necessary that the company should prove that a valuable consideration passed from it at the time it received the deed of trust and that it had [no] notice of the unrecorded deed from D. J. Anderson to S. L. Anderson. They failed to make such proof so far as we are able to find in the record.

The deed from S. L. Anderson to Mrs. J. S. Anderson recites a consideration of love and affection and gratitude towards the grantee on account of kindness shown to her, the grantor. This operated to convey to Mrs. J. S. Anderson the property in her own separate right. It did not constitute it community property of herself and her husband. The judgment of the court in this case would not bind Mrs. Anderson if it was otherwise correct, she not being a party to the suit.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be here rendered that Casey-Swasey Company take nothing by their suit and that D. J. Anderson go hence and recover of said Casey-Swasey Company all costs of all of the courts.

*Reversed and rendered.*